**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4464**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL LAMAR GAINES,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:23-cr-00041-KDB-DCK-1)

---

Submitted:  July 31, 2025                    Decided:  October 7, 2025

---

Before HEYTENS and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Matthew C. Joseph, LAW OFFICE OF MATTHEW C. JOSEPH PLLC, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Lamar Gaines pled guilty, pursuant to a plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The district court sentenced Gaines below the advisory Sentencing Guidelines range to 240 months' imprisonment, and he now appeals. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious grounds for appeal but questioning whether the sentence is reasonable. We affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id*. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id*. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id*.

2

Here, the district court found that Gaines was a career offender based on Ohio convictions for trafficking cocaine and marijuana and felonious assault. Because Gaines did not object to his career offender status in the district court, we review this issue for plain error. *United States v. Carthorne*, 726 F.3d 503, 509-10 (4th Cir. 2013). "To establish plain error, a defendant has the burden of showing: (1) that an error was made; (2) that the error was plain; and (3) that the error affected his substantial rights." *Id.* When a defendant makes such a showing, we will exercise our discretion to correct the error "only if the error would result in a miscarriage of justice or would otherwise seriously affect the fairness, integrity[,] or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). "[R]elief on plain error review is difficult to get, as it should be." *Id.* (internal quotation marks omitted).

Under U.S. Sentencing Guidelines Manual § 4B1.1(a) (2024), a defendant is a career offender if the instant offense is a felony controlled substance offense and the defendant has at least two prior felony convictions for either crimes of violence or controlled substance offenses. A controlled substance offense is an offense punishable by imprisonment for a term exceeding one year that prohibits the manufacture, distribution, or dispensing of a controlled substance or the possession of a controlled substance with the intent to distribute. USSG § 4B1.2(b)(1). A crime of violence is, inter alia, an offense punishable by a term exceeding one year that has as an element the use, attempted use, or threatened use of physical force against the person of another. USSG § 4B1.2(a)(1).

Gaines's conviction for trafficking cocaine and marijuana is a controlled substance offense. However, Ohio's felonious assault statute includes offenses for causing serious

3

physical harm to another, causing or attempting to cause serious physical harm to another by means of a deadly weapon or dangerous ordnance, and having sexual contact with another after testing positive for an acquired immunodeficiency syndrome without disclosing that fact to the person. Ohio Rev. Code Ann. § 2903.11 (2011). Not all those offenses qualify as crimes of violence under the Guidelines. See *United States v. Burris*, 912 F.3d 386, 390–91 (6th Cir. 2019) (en banc). It is not clear from the record, however, for which kind of felonious assault offense Gaines was convicted. Therefore, the district court erred in relying on Gaines's felonious assault conviction in classifying him as a career offender.

We conclude that this error did not affect Gaines's substantial rights. Initially, Gaines had two prior convictions for trafficking cocaine, and therefore he had a sufficient number of predicate convictions to be classified as a career offender. Moreover, the district court determined that the career offender Guidelines overstated the seriousness of Gaines's criminal history based on the age of these prior convictions, and the court varied downward to the Guidelines range that would have applied if Gaines were not a career offender. Therefore, any error in determining that Gaines's prior felonious assault conviction was a crime of violence was not a plain error.

Moreover, the sentence is otherwise procedurally and substantively reasonable. The district court gave the parties an opportunity to argue for an appropriate sentence, responded to the arguments, allowed Gaines to address the court, and considered the § 3553(a) factors. The court sufficiently explained its reasons for the sentence, based on Gaines's age and criminal history, personal characteristics, and the nature of the offense

4

and of Gaines's prior convictions. Based on the factors the court identified, Gaines has not overcome the presumption of reasonableness afforded to his below-Guidelines-range sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Gaines, in writing, of the right to petition the Supreme Court of the United States for further review. If Gaines requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gaines.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*